1

Honorable Richard A. Jones

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

BASEL ACTION NETWORK,

9

Plaintiff,

10

vs.

11

INTERNATIONAL ASSOCIATION OF
ELECTRONICS RECYCLERS and

12

INSTITUTE OF SCRAP RECYCLING
INDUSTRIES,

13

Defendants.

) **Civil Action No. 2:10-cv-00931 (RAJ)**
)
)
)
)
) **DEFENDANTS' MOTION TO DISMISS**
) **PURSUANT TO RULES 12(B)(1) AND**
) **12(B)(6)**
)
) **NOTICE ON MOTION CALENDAR:**
) **AUGUST 27, 2010**
)
) **ORAL ARGUMENT REQUESTED**
)

14

15

16

17

18

        Defendants the International Association of Electronics Recyclers ("IAER") and the

Institute of Scrap Recycling Industries ("ISRI") (together "Defendants") move, pursuant to

Rules 12(b)(1) and 12(b)(6), to dismiss all counts against Defendants for lack of subject

matter jurisdiction and, in the alternative, for failure to state a claim upon which relief may

be granted.  Defendants' arguments in support of this motion are enumerated below.

19

## INTRODUCTION

20

        BAN's allegations here mimic the cancellation proceeding BAN brought—and

21

voluntarily dropped—at the Trademark Trial and Appeal Board ("TTAB").  (See Himes

22

Aff. ¶¶ 2-4.)  Well settled law unequivocally states that this Court has no subject matter

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1   jurisdiction over such cancellation proceedings.  Apparently knowing this, BAN attempts

2   to bootstrap the cancellation proceedings to a declaratory judgment action of non-

3   infringement in order to create subject matter jurisdiction.  Yet BAN fails to allege—

4   indeed it cannot allege—the very basic "case or controversy" necessary for a declaratory

5   judgment action.  There has been no talk of infringement, no letters written, no threats

6   made, no pleadings filed at the TTAB that indicate Defendants' "threat" of litigation

7   against BAN.   No basis exists for BAN to allege a "reasonable apprehension" of suit,

8   (*Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151 (9th Cir. 2007)), and indeed it has failed to

9   do so.  In fact, even under "all circumstances," (*MedImmune, Inc.  v. Genentech, Inc.*, 549

10  U.S. 118 (2007)), no allegations exist because no facts exist to support any case or

11  controversy regarding any infringement of ISRI's CERTIFIED ELECTRONICS

12  RECYCLER mark.  Lacking a "case or controversy," BAN's declaratory judgment count

13  must be dismissed.

14       Even if this Court were to find some speck of support for BAN's bare allegations of

15  a "case or controversy," this Court has two other bases for dismissing the action:  1)

16  discretion and 2) BAN's failure to state a claim pursuant to 12(b)(6).  First, the scant

17  allegations and the history of BAN's action at the TTAB should encourage this Court to

18  use its discretion to dismiss this case for lack of subject matter jurisdiction because the case

19  more properly belongs, if anywhere, at the TTAB.  Second, the allegations in the complaint

20  are so inadequate and conclusory on their face as to warrant dismissal for failure to state a

21  claim under *Iqbal* and *Twombly*.

22       Because BAN has not and cannot allege a case or controversy sufficient for

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 2

1   declaratory judgment, and because all other claims depend on this declaratory judgment

2   claim for jurisdiction, Defendants respectfully suggest that this case should be dismissed in

3   its entirety.

### STATEMENT OF FACTS

4

**A.     The Parties**

5

*1.     The Institute of Scrap Recycling Industries (ISRI)*

6

7   The Institute of Scrap Recycling Industries, established in 1987 with roots

8   extending to the 1910s, is a non-profit trade association based in Washington, D.C.

9   (Wiener Aff. ¶ 3.)  As the "voice of the recycling industry," ISRI strives to provide

10  education, training, advocacy, and compliance guidance to its members while promoting

11  public awareness of the value and importance of recycling to the production of the world's

12  goods and services.  (*Id.* ¶ 4.)  It represents nearly 1,600 private and public for-profit

13  companies that process, broker, and industrially consume scrap commodities, including

14  metals, paper, electronics, glass, textiles, rubber and plastics.  (*Id.* ¶ 5.)

15  In 2009, ISRI acquired the assets of the International Association of Electronics

16  Recyclers (IAER), a non-profit trade association of electronics recyclers.  (*Id.* ¶ 6.)

17  Acquiring the assets of the IAER enabled ISRI to offer even greater attention and resources

18  to the rapidly emerging electronics recycling industry.[1]  (*Id.*)

19  ISRI assists member companies by providing a variety of products and services

20  designed to help them run cleaner, safer, and more profitable operations.  (*Id.* ¶ 7.)  One

21

22

---

[1]     At all times during the pendency of this lawsuit, IAER has been in the process of dissolution although it still officially remains a corporate entity.  Notwithstanding IAER's ongoing dissolution, ISRI is the sole owner of all rights and privileges for the mark at issue in BAN's Complaint.  (Wiener Aff. ¶ 13.)

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 3

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1   such service is ISRI's R2/RIOS CERTIFIED ELECTRONICS RECYCLER program.  (*Id.*)

2   ISRI owns Certification Registration No. 2,679,182 for the term CERTIFIED

3   ELECTRONICS RECYCLER, which issued on January 21, 2003 and is listed on the

4   Supplemental Register.  (*Id.*; Wiener Aff. Ex. A.)

5           ISRI's R2/RIOS CERTIFIED ELECTRONICS RECYCLER program benefits

6   recycling companies, their clients, and the general public.  (*Id.* ¶ 8.)  Recycling companies

7   that excel in quality, environment, health, and safety standards are more likely to

8   experience fewer accidents, inefficiencies, and regulatory violations, which increases their

9   overall profitability and contribution to the public good.  (*Id.*)  Moreover, customers often

10  consider a recycler's environmental standards in awarding recycling contracts.  (*Id.*)

11  R2/RIOS certification also promotes safety in the recycling process while mitigating

12  harmful impacts to the environment.  (*Id.*)

13                  2.      *The Basel Action Network ("BAN")*

14          BAN is a Seattle-based organization that claims to be dedicated to combating the

15  export of toxic waste from industrialized societies to developing countries.  BAN claims to

16  take its name from the Basel Convention—an environmental treaty on waste exportation

17  that has not been ratified by the United States.  BAN has mounted a pervasive media

18  campaign in the United States in its purported effort to expose waste exporters and the

19  harmful effects they cause.  (*See generally* http://www.ban.org.)

20          BAN owns Certification Registration No. 3,666,135 for the term E-STEWARDS

21  which issued on August 11, 2009, and is listed on the Principal Register.  (Himes Aff. ¶ 5;

22  Himes Aff. Ex. D.)  BAN claims its E-STEWARDS certification mark is available to

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 4

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1    electronics recyclers who meet stringent environmental and social standards of electronic

2    waste management, but it appears that the majority of businesses BAN permits to use its E-

3    STEWARDS mark have merely pledged to abide by those standards.  Prior to BAN's

4    institution of the E-STEWARDS certification program in April 2010, BAN licensed its E-

5    STEWARDS mark to any electronics recycler willing to sign a written "pledge" to abide

6    by certain recycling practices after undergoing a paper audit.  Presently, nearly fifty

7    recyclers have taken the E-STEWARDS pledge and received permission to claim E-

8    STEWARDS "certification" while only three recyclers worldwide have become E-

9    STEWARDS certified under the new certification program.  Moreover, BAN also licenses

10   its E-STEWARDS mark to regular businesses that "pledge" to favor E-STEWARDS

11   recyclers when awarding waste management contracts. (*See generally* http://www.ban.org.)

12          **B.      Procedural Background**

13          On February 3, 2010, BAN filed a Petition for Cancellation with the Trademark

14   Trial and Appeal Board ("TTAB") asserting that ISRI's registration for CERTIFIED

15   ELECTRONICS RECYCLER should be canceled due to genericness and abandonment.

16   (Himes Aff. ¶ 2; Himes Aff. Ex. A.)  Before ISRI responded, BAN withdrew its Petition

17   for Cancellation.  (Himes Aff. ¶ 3; Himes Aff. Ex. B.)  On May 25, 2010, the TTAB

18   dismissed BAN's action without prejudice.  (Himes Aff. ¶ 4; Himes Aff. Ex. C.)

19          At no point before, during, or after the pendency of the TTAB action did ISRI ever

20   threaten to sue BAN for infringement of ISRI's CERTIFIED ELECTRONICS

21   RECYCLER mark.  (Wiener Aff. ¶ 9.)  ISRI has never sent any kind of cease and desist

22   letter to BAN.  (*Id.* ¶ 10.)  ISRI has never discussed the likelihood of confusion of any of

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 5

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1    BAN's advertisements or recycling campaigns as compared to ISRI's CERTIFIED

2    ELECTRONICS RECYCLER mark.  (*Id.* ¶ 11.)  In fact, ISRI was unaware of any

3    infringing use by BAN of the CERTIFIED ELECTRONICS RECYCLER mark and

4    remains so to this day.  (*Id.* ¶ 12.)

5         On June 6, 2010, BAN filed this action against IAER and ISRI in the Western

6    District of Washington.  In its complaint, BAN seeks declaratory judgment that its use of

7    the phrases "electronics recycler," "certified recycler," and "certified electronics recycler"

8    does not infringe ISRI's CERTIFIED ELECTRONICS RECYCLER mark.  (Compl. ¶ 52.)

9    BAN also seeks cancellation of ISRI's certification mark based on claims of genericness,

10   abandonment, and misuse.  (Compl. ¶¶ 41-48.)

11        Nowhere in BAN's complaint does it allege that ISRI made any express or implied

12   threat of trademark infringement litigation against BAN for its purported use of ISRI's

13   CERTIFIED ELECTRONICS RECYCLER mark.  Moreover, although BAN alleges that it

14   "has and will continue to use the terms 'electronics recycler' and 'certified electronics

15   recycler' in connection with its E-STEWARDS mark," (Compl. 51), it fails to identify a

16   single instance where it has actually done so.

17   **I.    BAN'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT SHOULD**
     **BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**
18   **PURSUANT TO RULE 12(B)(1).**

19        The Declaratory Judgment Act empowers the district court to "declare the rights

20   and other legal relations" of the parties "[i]n a case of actual controversy within its

21   jurisdiction."  28 U.S.C. § 2201(a) (2006).  Absent a case or controversy, a complaint for

22   declaratory judgment will fail for lack of jurisdiction under Rule 12(b)(1).  *Rhoades*, 504

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 6

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1   F.3d at 1157.

2         Ninth Circuit courts apply a two-part test to determine whether declaratory

3   judgment is appropriate: (1) the court determines whether an actual case or controversy

4   exists; and (2) if so, the court decides whether its exercise of jurisdiction is appropriate.

5   *Neilmed Prods, Inc. v. Med-Systems, Inc.*, 472 F. Supp. 2d 1178, 1179-80 (N.D. Cal. 2007)

6   (citing *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004)).

7         **A.    No Actual Case or Controversy Exists Between the Parties Based on the
          Facts Alleged Under All Circumstances Sufficient to Support a
8         Declaratory Judgment Action.**

9         Subject matter jurisdiction exists under the Declaratory Judgment Act only if the

10  dispute is "'definite and concrete, touching the legal relations of the parties having adverse

11  legal interests.'"  *MedImmune*, 549 U.S. at 127 (quoting *Aetna Life Ins. Co. v. Haworth*,

12  300 U.S. 227, 240-241 (1937)).

13        In the Ninth Circuit, a declaratory judgment suit meets the Article III case-or-

14  controversy requirement if the plaintiff shows a "reasonable apprehension of suit" based on

15  the defendant's course of conduct.  *See, e.g., Rhoades*, 504 F.3d at 1157; *see also*

16  *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982).  In

17  ascertaining the existence of a "reasonable apprehension," district courts focus on the

18  "position and perceptions" of the declaratory plaintiff.  *Rhoades*, 504 F.3d at 1157 (quoting

19  *Chesebrough-Pond's*, 666 F.2d at 396).  The defendant's conduct is "examined in view of

20  [its] likely impact on competition and the risks imposed upon the plaintiff."  *Id.*

21        In a declaratory judgment patent case in 2007, the Supreme Court in *MedImmune*,

22  discarded the "reasonable apprehension" test in favor of a totality of circumstances

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 7

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1  standard: "[W]hether the facts alleged, under all the circumstances, show that there is a

2  substantial controversy, between parties having adverse legal interests, of sufficient

3  immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*,

4  549 U.S. at 127.  Although some courts have explicitly applied the *MedImmune* holding to

5  trademark cases, *see, e.g.*, *Monster Cable Prods., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d

6  1001, 1011-13 (N.D. Cal. 2009); *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1242-44

7  (10th Cir. 2008),[2] the Ninth Circuit has continued to apply the "reasonable apprehension of

8  suit" test to trademark cases.  *See Rhoades*, 504 F.3d at 1157.[3]

9  　　　　　1.  *A USPTO cancellation proceeding is insufficient to create a case or*
　　　　　　　*controversy to support a declaration judgment action.*

10  　　　　Under either the Ninth Circuit "reasonable apprehension of suit" standard or the

11  Supreme Court *MedImmune* standard, an *inter partes* USPTO cancellation proceeding

12  alone is insufficient to create a "case or controversy" to support a Declaratory Judgment

13  action in federal court without some additional evidence of an underlying infringement

14  dispute.  *See, e.g.*, *Monster Cable*, 642 F. Supp. 2d at 1011 (post-*MedImmune*);

15  *Chesebrough-Pond's*, 666 F.2d at 396-97 (pre-*MedImmune*).  Indeed, a TTAB opposition

16  filing is not conclusive of an actual infringement dispute.  *Surefoot*, 531 F.3d at 1246

17

18  [2] As recently as July 19, 2010, federal district courts continue to evaluate the application of *MedImmune* to
trademark cases.  *See Blue Athletic, Inc. v. Nordstrom, Inc.*, Civil No. 10-cv-036-SM, 2010 WL 2836303
(D.N.H. July 19, 2010) (finding that the First Circuit would likely apply *MedImmune* to trademark matters

19  and then evaluating the facts under the "all circumstances" standard).  As with other courts that have denied
dismissal, the facts in *Blue Athletic* included demand letters setting out a case for trademark infringement.

20  *See id.* at *4.  Such letters have not been alleged by BAN and indeed could not be so alleged because they do
not exist.  Thus under either standard for determining a "case or controversy," none exists and BAN's case
should be dismissed.

21  [3] The Ninth Circuit in *Rhoades* neither rejected nor accepted the *MedImmune* standard but applied the
"reasonable apprehension" test.  *See* 504 F.3d at 1157.  In 2009, the *Monster Cable* court, a district court

22  within the Ninth Circuit, applied the *MedImmune* standard.  *See* 642 F. Supp. 2d at 1011-13.  Under either
standard, BAN's claim must be dismissed as articulated herein.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 8

1   (decided using *MedImmune* "all circumstances" standard).

2         In *Monster Cable*, the district court applied the *MedImmune* standard and ruled that

3   declaratory relief is only appropriate where actual litigation, or a threat thereof,

4   accompanies a pending TTAB proceeding. *Monster Cable*, 642 F. Supp. 2d. at 1011.

5   There, the district court considered the allegations for declaratory relief, which

6   included three underlying TTAB oppositions but alleged no facts indicating a "real and

7   substantial" dispute. *Id.* Without actual litigation or its threat, the court did not find that

8   the defendant's TTAB proceedings were sufficient to establish a case or controversy "under

9   all circumstances." *Id.*

10        Similarly, in *Surefoot*, the Tenth Circuit ruled that TTAB proceedings alone are not

11  conclusive evidence of a case or controversy unless they "involve express assertions of

12  infringement" or are "a symptom indicative of, or even a proxy fight for, an underlying

13  infringement dispute." *Surefoot*, 531 F.3d at 1246. In that case, the defendant's five prior

14  TTAB opposition proceedings against the plaintiff were not, by themselves, sufficient to

15  establish a case or controversy. *See id*. However, the plaintiff in *Surefoot* also

16  demonstrated that the defendant had threatened litigation and repeatedly accused the

17  plaintiff of trademark infringement, in addition to bringing the five TTAB oppositions. *Id.*

18  at 1244-45. As a result, the Tenth Circuit found the defendant's claims of infringing

19  activity and threats of litigation were indicative of an underlying infringement dispute

20  sufficient to give the court jurisdiction. *Id*. at 1245.

21        Under the "reasonable apprehension of suit" standard, a "simple opposition

22  proceeding" in the TTAB generally does not suffice to show that the plaintiff has a "real

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 9

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1    and reasonable apprehension that he will be subject to liability" if he continues to use his

2    mark. *Chesebrough-Pond's*, 666 F.2d at 396.

3         For instance, in *Chesebrough-Pond's*, before the declaratory defendant instituted a

4    TTAB opposition proceeding against the declaratory plaintiff, the defendant sent a letter to

5    the plaintiff stating a *prima facie* case for trademark infringement. *Id*. The Ninth Circuit

6    ruled that the plaintiff reasonably inferred a threat of litigation from the defendant's letter.

7    *Id.* at 396-97.

8         Likewise, in *Neilmed*, the district court ruled that the defendant's detailed notice of

9    opposition, including its use of factors relevant to trademark infringement, gave the

10   plaintiff a reasonable apprehension of trademark infringement litigation. *Nielmed*, 472 F.

11   Supp. 2d at 1180.

12        Finally, in *Rhoades*, the Ninth Circuit said that declaratory judgment jurisdiction

13   existed where the defendant made three alleged threats of trademark infringement *in*

14   *addition to* filing five opposition proceedings and two cancellation proceedings against the

15   plaintiff. *Rhoades*, 504 F.3d at 1159 n.8.

16             *2.    No actions exist outside of the TTAB proceeding to provide any*
                      *circumstances of threatened infringement sufficient to support a*
17                    *declaratory judgment action.*

18        In this case, BAN has not alleged a case or controversy to support its claim for

19   declaratory judgment of non-infringement because ISRI has committed no actions to

20   support such allegations.

21        ISRI has not threatened BAN with legal action for infringement of its CERTIFIED

22   ELECTRONICS RECYCLER mark. (Wiener Aff. ¶ 9.) ISRI has not sent any letters

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 10

1   detailing infringing actions to BAN.  (*Id.* ¶ 10.)  ISRI has not threatened BAN or its

2   members, customers, clients or affiliates in any way with any trademark infringement.  In

3   fact, the cancellation proceeding brought by BAN against ISRI did not even involve

4   likelihood of confusion, and ISRI remains unaware of any infringing use by BAN of the

5   CERTIFIED ELECTRONICS RECYCLER mark.

6           Indeed, ISRI has not filed a TTAB proceeding of any kind against BAN—to the

7   contrary ISRI has been the repeated target of BAN's efforts, not the aggressor.  BAN filed

8   a TTAB proceeding against ISRI on February 3, 2010, to cancel ISRI's Supplemental

9   Register registration for the term CERTIFIED ELECTRONICS RECYCLER.  (Himes Aff.

10  ¶ 2; Himes Aff. Ex. A.)  Unlike the declaratory judgment defendants in each of the cases

11  cited above, ISRI was the defendant at the TTAB and is again the defendant in federal

12  court.

13          As a result, this Court lacks subject matter jurisdiction to entertain BAN's

14  declaratory judgment claim.  The Court should dismiss BAN's claim with prejudice

15  because there is no set of facts that BAN could allege that would establish a substantial

16  controversy in this case.

17          **B.     The Court's Exercise of Subject Matter Jurisdiction Would be an
                     Abuse of Discretion.**

18          Even if this Court determines that BAN has alleged an actual case or controversy, it

19  should still dismiss BAN's declaratory judgment action because exercising jurisdiction

20  would allow BAN to improperly circumvent the administrative process.  *See Surefoot*, 531

21  F.3d at 1248 ("Before assuming declaratory judgment jurisdiction, a district court must not

22  only consider its Article III authority to hear the case, it is also free to consider a range of

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 11

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1   other discretionary factors in assessing whether or not to exercise jurisdiction under the

2   Act.").

3        Declaratory relief is available only at the discretion of the district court,

4   *Chesebrough-Pond's*, 666 F.2d at 396, and the district court should exercise its discretion

5   to reject cases that belong before the TTAB.  *See Neilmed*, 472 F. Supp. 2d at 1180.

6        "'An applicant . . . cannot short-circuit the administrative process by filing suit for

7   declaratory judgment in the federal courts'" unless the plaintiff has actually been

8   threatened with litigation for infringement.  *Rhoades*, 504 F.3d at 1158 (quoting 6 J.

9   Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:55).

10        In this case, BAN is attempting to "short-circuit" the administrative process by

11   dismissing its TTAB cancellation claim and refiling it as a declaratory judgment action in

12   federal court.  This Court should refuse to exercise jurisdiction in light of BAN's

13   transparent attempt to forego TTAB proceedings, instead clogging the federal courts.  BAN

14   is attempting to supplant the TTAB's power with that of the district court; however, this

15   Court is duly authorized to prevent BAN from superseding the administrative process by

16   using its discretion to dismiss this declaratory judgment claim.

17   **II.    ALTERNATIVELY, BAN'S DECLARATORY JUDGMENT CLAIM
18          SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM
       PURSUANT TO RULE 12(B)(6).**

19        Alternatively, if this Court determines that it has independent subject matter

20   jurisdiction over BAN's declaratory judgment cause of action, it should still dismiss the

21

22

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1   count for failure to state a claim pursuant to Rule 12(b)(6).[4]

2   When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all

3   well-pled allegations in the complaint as true and draw all reasonable inferences in favor of

4   the non-moving party.  *See Bednaruk v. Northwest Trustee Serv., Inc.*, No. C09-1586Z,

5   2010 WL 545643, at *2 (W.D. Wash. Feb. 9, 2010).  Courts should not, however, credit

6   bald assertions or legal conclusions improperly alleged in the complaint—pleadings that

7   are mere conclusions are not entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 129

8   S. Ct. 1937, 1949 (2009).  The complaint must contain sufficient factual matter to "state a

9   claim to relief that is plausible on its face." *Bednaruk*, 2010 WL 545643, at *2.  For a

10  complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to

11  relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

12  (2007) (internal citations omitted) (emphasis removed).  A complaint does not meet this

13  standard if it does no more than "tender[] naked assertions devoid of further factual

14  enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

15  Courts have liberally applied *Twombly* and *Iqbal* and require detailed allegations to

16  support claims that are plausible on its face.  *See, e.g., Prestige Admin., Inc. v. U.S. Fidelis,*

17  *Inc.*, No. CV09-1804-PHX-DGC, 2010 WL 1266810, at *3  (D. Ariz. March 26, 2010)

18  (dismissing plaintiff's claims of unfair competition, trademark infringement, and trademark

19  dilution for failure to plead "enough facts to state a claim to relief that is plausible on its

20  face" under *Iqbal*); *Planet Coffee Roasters, Inc. v. Dam*, No. SACV 09-00571-MLG, 2009

21

22  _____

[4] Although ISRI acknowledges that a Rule 12(b)(1) motion is the most appropriate method for seeking dismissal of a declaratory judgment cause of action, BAN's Complaint in this case is so deficient in factual detail that ISRI also seeks dismissal under Rule 12(b)(6), in the alternative.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 13

1    WL 2486457, at *3 (C.D. Cal. Aug. 12, 2009) (dismissing trademark dilution claim for

2    failure to plead sufficient facts to state a claim that is "facially plausible" under *Iqbal*);

3    *Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1072 (N.D. Cal. 2009)

4    (dismissing counterclaim of corporate waste due to patent abandonment for failure to plead

5    sufficient facts to state a plausible claim under *Iqbal*).

6        To plead a cause of action for declaratory judgment, BAN must plead (1) a

7    substantial controversy; (2) between parties having adverse legal interests; (3) of sufficient

8    immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*,

9    549 U.S. at 127.

10        BAN has not met this burden because BAN's Complaint contains no allegation of

11    any controversy—much less a substantial one—involving BAN's purported infringement

12    of ISRI's CERTIFIED ELECTRONICS RECYCLER mark.  BAN's complaint must

13    therefore be dismissed.

14        Confusingly, BAN does not allege in its Complaint any interaction with ISRI

15    whatsoever.  BAN entirely fails to mention the TTAB proceeding it filed against ISRI in

16    February and withdrew only sixteen days before filing this action.

17        In fact, the only allegation BAN makes in support of its declaratory judgment claim

18    is that "it has and will continue to use the terms 'electronics recycler' and 'certified

19    electronics recycler' in connection with its program."  (Compl. ¶ 51.)  Yet BAN does not

20    allege any specific uses, and indeed BAN makes this conclusory statement only in Claim 4,

21    which is the claim for declaratory judgment.  BAN fails to make any allegation of current

22    or past use of the phrase "certified electronics recycler" in the narrative portions of the

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 14

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1    Complaint.

2          BAN's Complaint also contains no allegation of any adverse legal interest with

3    ISRI or any sufficient immediacy to warrant the issuance of declaratory judgment.

4    Although BAN alleges that it is using the term CERTIFIED ELECTRONICS RECYCLER

5    in connection with its E-STEWARDS program, (Compl. ¶ 51), it does not specify when

6    and how it has used ISRI's mark.  BAN also fails to allege any immediate harm it will

7    suffer if declaratory judgment is not issued.

8          BAN's one conclusory sentence in Claim 4 of the complaint that merely recites the

9    element of the action is insufficient under *Iqbal* and *Twombly* to constitute a properly pled

10   cause of action.  *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557 ("A

11   pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

12   cause of action will not do.")).

13   **III.    BAN'S REMAINING CANCELLATION CLAIMS SHOULD BE
             DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION
14           PURSUANT TO RULE 12(B)(1).**

15         A plaintiff can only seek cancellation of a federally registered trademark in federal

16   district court if its cancellation claim is joined with another jurisdictionally supportable

17   claim.  *Windsurfing Int'l Inc., v. AMF Inc.*, 828 F.2d 755, 758-59 (Fed. Cir. 1987) (stating

18   that the district court has jurisdiction only in an action involving a registered mark where

19   "involving" must mean more than the mere presence of a mark and must include the right

20   to use a mark and an actual case or controversy regarding the same); *Global DNS, LLC v.

21   Kook's Custom Headers, Inc.*, No. C08-0268RSL, 2008 WL 4380439, at *4 (W.D. Wash.

22   Sept. 22, 2008) ("[I]f the 'sole basis for a claim for declaratory judgment [is a request for

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 15

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1    cancellation of a federally registered trademark], the court should dismiss the case and

2    relegate the party to the administrative process.'") (quoting 6 *McCarthy* § 32:55); *Ditri v.*

3    *Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873-74 (3d Cir. 1992);

4    *Universal Sewing Mach. Co. v. Standard Sewing Equip. Corp.*, 185 F. Supp. 257, 259

5    (S.D.N.Y. 1960) ("[O]ne seeking cancellation offensively and relying solely upon that

6    claim for federal jurisdiction would seem to be relegated to first exhausting his

7    administrative remedies before resorting to the courts."); *Clamp-All Corp. v. Cast Iron Soil*

8    *Pipe Inst.*, No. 84-1325-Z, 1987 U.S. Dist. LEXIS 2763, at *21 n.12 (D. Mass. March 31,

9    1987) (recognizing that 15 U.S.C. § 1119 is not an independent source of subject matter

10   jurisdiction).

11          BAN's declaratory judgment count provides the requisite "hook" for the rest of

12   BAN's cancellation claims.  Dismissing BAN's declaratory judgment claim leaves only

13   BAN's trademark cancellation claims pursuant to 15 U.S.C. § 1119.  Because no other

14   basis for federal jurisdiction exists to support these cancellation claims, this Court should

15   dismiss the remaining causes of action for lack of subject matter jurisdiction, leaving BAN

16   the option to return to the TTAB if it so chooses for proper evaluation of the cancellation

17   issues.  BAN is procedurally able to start another cancellation action; BAN withdrew its

18   original cancellation voluntarily, without prejudice.

19

20

21

22

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 16

Venable LLP
575 7TH STREET, NW
WASHINGTON, DC 20004
202-344-4000

1

**CONCLUSION**

2          For the reasons stated above the Court should dismiss the action and all claims with

3    prejudice.[5]

4

5    Dated August 4, 2010                    /s/ Mary Ellen R. Himes
                                             Mary Ellen R. Himes (*pro hac vice*)
6                                            Roger A. Colaizzi (*pro hac vice*)
                                             VENABLE LLP
7                                            575 7th Street N.W.
                                             Washington, D.C. 20004
8                                            Tel: (202) 344-4000
                                             Fax: (202) 344-8300
9                                            Email:  mehimes@venable.com
                                             Email:  racolaizzi@venable.com
10
                                             Karl J. Quackenbush, WSBA #9602
11                                           RIDDELL WILLIAMS P.S.
                                             1001 Fourth Avenue, Suite 4500
12                                           Seattle, WA 98154
                                             Tel:  (206) 624-3600
13                                           Fax: (206) 389-1708
                                             Email:  kquackenbush@riddellwilliams.com
14
                                             Attorneys for Defendants
15

16

17

18

19

20

21

22    ─────────────────────
      [5]  In the event this Court grants Defendants' motion, Defendants will move for fees and costs pursuant to
      Washington  Revenue Code section 4.28.185.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 17

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, August 4, 2010, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered users of the CM/ECF system for this case.

/s/Mary Ellen R. Himes
Mary Ellen R. Himes (*pro hac vice*)
Venable LLP
575 7th Street N.W.
Washington, D.C. 20004
Tel:  (202) 344-4737
Fax. (202) 344-8300 (fax)
Email:  mehimes@venable.com

Attorney for Defendants

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES
12(B)(1) AND 12(B)(6) (No. 2:10-cv-00931-RAJ) - 18